DANELLE M. WHEATLEY                                    PLAINTIFF


v.                                    CIVIL NO. 25-5171


FRANK BISIGNANO, Commissioner
Social Security Administration                         DEFENDANT


## <u>MEMORANDUM OPINION</u>

Plaintiff, Danelle M. Wheatley, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for DIB on October 4, 2021, alleging an inability to work since August 1, 2018, due to fibromyalgia, syncope, degenerative disc disease, and post-traumatic stress disorder. (Tr. 68, 185, 195). For DIB purposes, Plaintiff maintained insured status through June 30, 2021. (Tr. 17, 195). An administrative telephonic hearing was held on June 5, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 38-66).

By written decision dated August 5, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found that through the date last insured Plaintiff had the following severe impairments: fibromyalgia and arthralgias, degenerative disc and joint disease of the lumbar spine,

obesity, coronary artery disease, and chronic pain. However, after reviewing all of the evidence presented, the ALJ determined that through the date last insured Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 22). The ALJ found that through the date last insured Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except with normal breaks, the claimant can sit for a total of 6 hours in an 8-hour work day and stand/walk for a total of 6 hours in an 8-hour work day. The claimant can have no exposure to hazards such as machinery with moving mechanical parts and high exposure places. The claimant can carry out simple instructions.

(Tr. 22). With the help of a vocational expert, the ALJ determined that through the date last insured Plaintiff could perform work as a cashier, a housekeeping cleaner, and a sales attendant. (Tr. 31-32).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on June 13, 2025. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF No. 14, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) ALJ's medical evidence review and suggested RFC are deficient; 2) The vocational expert job availability used to deny Plaintiff is erroneous, and 3) Medical equivalence from the C.F.R. was not properly considered. (ECF No. 14).

In order to have insured status under the Act, an individual is required to have twenty quarters of coverage in each forty-quarter period ending with the first quarter of disability. 42 U.S.C. § 416(i)(3)(B). Plaintiff last met this requirement on June 30, 2021. Regarding Plaintiff's application for DIB, the overreaching issue in this case is the question of whether Plaintiff was disabled during the relevant time period of August 1, 2018, her alleged onset date of disability, through June 30, 2021, the last date she was in insured status under Title II of the Act. To qualify for DIB, Plaintiff must prove that on or before the expiration of her insured status she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. *Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. Plaintiff claims the ALJ erred in evaluating her impairments under Listings 1.15, 1.18, 4.05, 12.04, and 12.06. (ECF No. 14, pp. 8-9). Plaintiff has the burden of demonstrating her impairments meet all the requirements of a given Listing. *See*

*Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). Upon review of the record, the Court finds substantial evidence supporting the ALJ's determination that Plaintiff's impairments did not meet or equal the requirements of any Listing on or prior to the date last insured. With respect to Plaintiff's RFC, the ALJ considered the medical assessments of treating, examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and her medical records when she determined Plaintiff could perform light work with limitations. The ALJ also took Plaintiff's obesity into account when determining her RFC. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a cashier, a housekeeping cleaner, and a sales attendant. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL

4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits),

*aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 30th day of March 2026.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE